STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-059

MEMANA ABRAHAM, and
ALEYEMMA ABRAHAM

Plaintiffs

v.

ANDREW BROADDUS

Defendant

ORDER

REC'D CUMB CLERKS OFC
DEC 8 '22 AH 10:56

This matter comes before the court on Defendant, Andrew Broaddus' Motion in limine to Exclude the Expert Witness Testimony of Joseph Goodman. For the reasons stated herein, the motion is DENIED.

## I. Procedural Background

Defendant is an attorney licensed to practice law in the state of Maine. Plaintiffs, Memana and Aleyemma Abraham, hired the Defendant to represent the Plaintiffs in various property and debt collection matters in September, 2015. The lawsuit alleged two counts seeking recovery under theories of professional negligence and breach of fiduciary duty. Each count was based on three separate and distinct fact patterns. These matters included: (1) collection of unpaid rent under a commercial tenancy with Awakening Recovery Center; (2) exploration of legal remedies stemming from the Plaintiffs' purchase of 94 Pierce St., Westbrook Maine, in 2010; and (3) prosecuting a lawsuit against Viking Restoration LLC.

Defendant filed for summary judgment. The court granted summary judgment with respect to Awakening Recovery Center and Plaintiff's purchase of 94 Pierce St. That summary judgment

1

included both the fiduciary duty and professional negligence counts with respect to those two fact patterns. *See,* August 5, 2021 *Order,* p. 8 ("For the same reasons as the court granted summary judgment on the professional negligence claim for the Awakening Recovery Center and the 94 Pierce St. issues and denied summary judgment on the Viking Restoration claim, the court dies (*sic*) the same with the breach of fiduciary duty claim.")

The court denied summary judgment on the Viking Restoration claim. Therefore, when the court considers the motion to exclude expert testimony, the court focuses on evidence Goodman has to offer with respect to the Viking Restoration claim.

## II. Goodman's qualifications.

Defendant challenges Goodman's qualifications to testify as an expert. The court addresses the issue only with respect to the Viking Restoration claim. Goodman is a 1991 graduate of Suffolk Law School. He is licensed to practice law in Maine. He does bankruptcy, criminal defense, family law and civil litigation. He does not practice any real estate law or do any closings. He has been a solo practitioner since 1995. He is not a collection attorney. He testified as an expert witness in one other matter. With respect to legal malpractice cases, he is taken continuing legal education, has testified about the subject, and has read the Bar rules.

Viking Restoration matter involved a claim that the Defendant failed to file a motion for prejudgment attachment when filing suit against Viking Restoration. Viking Restoration and the Plaintiff had entered into a contract to rebuild the Defendant's apartment building after fire. Plaintiff claimed Viking Restoration overcharged him. After Plaintiff filed suit, Viking Restoration declared bankruptcy. Defendant then made a claim to the bankruptcy court on behalf of the Plaintiff. The Plaintiff contends he would have been in a better position had the attachment been perfected prior to the bankruptcy.

To be admissible, "the expert must be able to provide some insight beyond the kind of judgment an ordinarily intelligent juror can exert." *Tolliver v. DOT*, 2008 ME 83, ¶ 28. With respect to the availability and potential advantages of a motion for prejudgment attachment and the impact of a bankruptcy declaration Goodman has sufficient knowledge to assist the jury on that issue. Therefore, he is qualified to testify. Defendant's objections go to the weight of the testimony as opposed to the admissibility.

### III.   Standard of care and causation.

The Defendant argues that the court found that the Plaintiff failed to provide the necessary categories of expert testimony in his motion for summary judgment. That does not preclude the Plaintiff from introducing properly designated expert testimony at trial.

The Defendant also argues that Goodman never outlined those opinions at his deposition. Reviewing the testimony, the court concludes that he was never asked to describe or explain his opinion. The Defendant did not extract the contours of Goodman's opinions. *Compare, Corey v. Norman, Hanson and Detroy*, 1999 ME 196 ¶4 (expert specifically testified that he was not offering an opinion with respect to proximate cause). The court also agrees with the Plaintiff that the questioning at Goodman's deposition does not preclude Goodman from testifying regarding the standard of care, the breach of the standard of care, or causation. Assuming Goodman was designated[1] on those issues, he may offer those opinions at trial.

The entry is:

Defendant's Motion in Limine is DENIED.

---

[1] The court cannot locate an expert designation in any of the motion papers or the exhibits to Goodman's deposition.

3

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: 12/8/22

Thomas McKeon
Justice, Superior Court